**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO.  1:04CR67**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **Vs.** ) | **MEMORANDUM AND ORDER** |
| ) | |
| ) | |
| **TAMARA B. SANDERS** ) | |
| ) | |

     **THIS MATTER** is before the Court on the Defendant-Appellant's appeal from a

misdemeanor conviction by United States Magistrate Judge David Keesler.


## I.  PROCEDURAL HISTORY

     On April 25, 2004, the Defendant-Appellant was charged with violating 36 C.F.R. §

261.14(5), possessing an unleashed dog within the Pisgah National Forest.  **United States**

**District Court Violation Notice F2100161, filed April 30, 2004.**  According to the Statement of

Probable Cause attached to the citation, Tony Gilliam was walking within the Grandfather

Rangers' District when the dog in question bit him on the leg causing four puncture wounds.  ***Id.***

A second citation issued the same day charged the Defendant-Appellant with camping in an

undesignated area.  **United States District Court Violation Notice F2100162, filed April 30,**

**2004.**  On June 23, 2004, the Defendant-Appellant appeared before the Magistrate Judge and

entered a plea of guilty to the first violation and the second violation was dismissed.  The

Magistrate Judge sentenced the Defendant-Appellant to two years of probation and ordered her to

pay $4,504.30 in restitution to the victim of the dog bite. The Judgment of Conviction was filed on June 30, 2004; the Defendant-Appellant's notice of appeal filed July 6, 2004, therefore, was timely.

The Court's initial briefing schedule was filed on July 8, 2004, requiring the Defendant-Appellant's brief to be filed on or before August 8, 2004. **Order, filed July 8, 2004.** On August 6, 2004, the Defendant-Appellant requested an extension of time in order to retain counsel. That motion was granted and a new deadline imposed of August 27, 2004. **Order, filed August 11, 2004.** On that date, a letter from an attorney was received and construed as a motion for additional time within which to file a brief. The Defendant-Appellant was then given until September 20, 2004, to file her brief in support of her appeal. **Order, filed August 30, 2004.**

On September 20, 2004, the Defendant-Appellant, appearing through counsel, filed a brief to which were attached the following items: (1) proof that the dog in question had been vaccinated for rabies; (2) an "Activity Card" completed by an animal control officer; (3) a copy of the conditions of probation, the sentence imposed by Magistrate Judge Keesler; (4) a document entitled "Georgia Epidemiology Report," dated January 1997; and (5) an affidavit from the Defendant-Appellant dated September 20, 2004. **Brief of Defendant-Appellant-Appellant and *attached* Exhibits, filed September 20, 2004.** The Government promptly moved to strike the brief and exhibits because both presented matters to this Court which were not before the Magistrate Judge. The undersigned thereafter entered an order striking the brief and setting a new briefing schedule. **Order, filed November 3, 2004.** The parties have now briefed the issues and the case is ready for resolution.

## II.  DISCUSSION

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed."  **18 U.S.C. § 3402.**  "The Defendant-Appellant is not entitled to a trial *de novo* by a district judge.  The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  **Fed. R. Crim. P. 58(g)(2)(D).**

The Court has listened to the recording of the proceedings which occurred before the Magistrate Judge and reviewed the transcript thereof.  The investigating officer stated at the hearing that the victim had been riding a motorcycle which he dismounted and was pushing when the Defendant-Appellant's dog ran up to the victim.  The victim shooed the dog away but the dog returned to the victim and bit him on the leg.  The Defendant-Appellant provided a false name and address to the victim.  However, the victim wrote down her license plate number and was able to locate her through that information.  There was some delay in getting information to the victim concerning the dog's current rabies vaccinations.  However, the Defendant-Appellant insisted that she did so immediately via facsimile.  Nonetheless, the victim took a series of rabies shots which cost in excess of $4,000.  The victim did not submit these bills to his insurance carrier because his employer was concerned that the claim would cause his premiums to increase.

The Defendant-Appellant was issued a citation and charged with a petty offense, a violation of 36 C.F.R. § 261.14(j).  ***See*, Fed. R. Crim. P. 58(b)(1) ("The trial of a petty offense may also proceed on a citation or violation notice.").**  In the case of a petty offense for which no term of imprisonment will be imposed, the "court must not accept a guilty . . . plea unless satisfied that the Defendant-Appellant understands the nature of the charge and the

maximum possible penalty." **Fed. R. Crim. P. 58(c)(1).** In addition, after imposing sentence in a case involving a petty offense, the Magistrate Judge is obligated to notify the Defendant-Appellant of his or her right to appeal. **Fed. R. Crim. P. 58(c)(4).** Although the Magistrate Judge advised the Defendant-Appellant of the charge against her, at no point did he advise her whether she faced a sentence of imprisonment or probation. Nor did he advise her of the maximum terms of either imprisonment or probation. **18 U.S.C. § 3561(c).** Moreover, when the Magistrate Judge imposed a sentence of probation, he stated that the only condition of probation was to pay restitution. **Transcript of Proceeding, at 12.** However, there are statutorily mandated conditions which must be imposed whenever a sentence of probation is ordered. **18 U.S.C. § 3563(a).** As a result, when the Judgment of Conviction was prepared, there were conditions of probation as to which the Defendant-Appellant had never been advised. Moreover, prior to accepting the Defendant-Appellant's guilty plea, the Magistrate Judge did not advise her of the amount of the assessment. **Fed. R. Crim. P. 58(b)(2)(A) (defining penalties as including imprisonment, fines and restitution);** *see also*, **Fed. R. Crim. P. 58(c)(1).** Although the Magistrate Judge advised the Defendant-Appellant of the total amount of restitution, there was no inquiry made as to her ability to pay the restitution. **18 U.S.C. § 3663(a)(1)(B).** Finally, he did not advise her of her right to appeal. **Fed. R. Crim. P. 58(c)(4).**

The Court finds that, under these circumstances, the Defendant-Appellant did not enter a knowing and voluntary plea of guilty. In accepting a guilty plea, the court must determine

> "whether the Defendant-Appellant's knowledge and comprehension of the full and correct information would have been likely to affect h[er] willingness to plead guilty." . . . The court must first ascertain what the Defendant-Appellant actually knows when [s]he pleads guilty on the basis of an affirmative indication in the record. Second, the court must decide what information would have been added

to the Defendant-Appellant's knowledge by compliance with Rule [58]. Finally, the court must determine how the additional or corrected information would have likely affected the Defendant-Appellant's decision.

***United States v. Goins***, 51 F.3d 400, 402 (4ᵗʰ Cir. 1995) (quoting ***United States v. Johnson***, 1 F.3d 296, 302 (5ᵗʰ Cir. 1993)) (other internal citations omitted).

It is clear that the Defendant-Appellant was unaware of the mandatory conditions of probation. It is also clear that she attempted to provide the victim with proof that her dog had been vaccinated for rabies prior to his decision to commence the shots. It is further clear that the victim had health insurance which may have covered the cost of such shots. Not every slight constitutes a "federal case." Some matters are simply better left to the state courts' small claims procedures. In any event, the undersigned finds that the plea was not knowingly and voluntarily entered and the "usual remedy" of vacatur should be imposed. ***See, e.g., United States v. Damon***, 191 F.3d 561, 565 (4ᵗʰ Cir. 1999).

## III. ORDER

**IT IS, THEREFORE, ORDERED** that, for the reasons stated herein, the Defendant-Appellant's conviction and sentence are hereby **VACATED**, and the same is hereby remanded to the Magistrate Judge for further proceedings in accordance with this opinion.

**Signed: June 23, 2005**

Lacy H. Thornburg
United States District Judge